United States District Court
Northern District of California

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DWAYNE MANUEL,<br><br>Defendant. | Case No.: CR-13-00602-JSW (KAW)<br><br>DETENTION ORDER |

## I. BACKGROUND INFORMATION

Defendant Dwayne Manuel is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). On November 1, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On November 6, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender John Paul Reichmuth. Assistant United States Attorney Manish Kumar appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

DETENTION ORDER
CR-13-00602-JSW (KAW)                   1

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense and the Weight of the Evidence**

The indictment charges that on or about July 27, 2013, Defendant, having previously been convicted of a felony, knowingly possessed a .45 caliber Llama Minimax handgun, serial number 71-04-11449-02, and nine rounds of .45 caliber ammunition.

As to the weight of the evidence, while this is the least important factor, it weighs in favor of detention because the instant offense involves possession of a firearm.

DETENTION ORDER
CR-13-00602-JSW (KAW) 2

## B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 51 years old and resided in Oakland, California prior to the instant offense. He received a high school diploma and completed one year of college. He had maintained employment for 14 years before becoming unemployed in 2012. Defendant indicated that he has not used illicit substances since 1999 but continues to abuse alcohol on a daily basis.

Defendant's criminal record dates back to 1982. He has an extensive history of drug related offenses, including a 1984 felony conviction for possession of a controlled substance for sale, a 1991 felony conviction for possession of a controlled substance, a 1992 felony conviction for possession of a controlled substance, a 2006 felony conviction for possession of concentrated cannabis, a 2009 felony conviction for possession of a controlled substance, and a 2010 conviction for possession/purchase of cocaine base for sale. Defendant has multiple failures to appear, and his probation has been revoked at least eight times.

Defendant proposed his friend, Herbert Owens, and his significant other, Deaneatrice Kilson, as sureties. Ms. Kilson declined to speak to pretrial services, indicating that she does not want to get involved with "this mess." Pretrial Services contacted Mr. Owens, but has not received a response. At this time, Defendant has no viable sureties.

Although he has attended, but not successfully completed, a drug treatment program in the past, Defendant requested that he be permitted to attend a residential drug treatment program at New Bridge. Given Defendant's extensive criminal history of drug-related offenses, his failures to appear, his numerous probation revocations, his persistent alcohol abuse problem, a drug treatment program is not a suitable option for Defendant.

## C. Risk of Nonappearance

Factors that indicate Defendant poses a risk of nonappearance include his numerous failures to appear, persistent alcohol abuse, current unemployment status, and lack of sureties. Mitigating factors include his residential history and lack of international travel.

//

//

DETENTION ORDER
CR-13-00602-JSW (KAW)                           3

## III. CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the court finds that Defendant presents a danger to the community and a risk of nonappearance, and that there are no conditions or combination of release conditions that will reasonably assure the safety of any other person or the community or mitigate the defendant's risk of nonappearance.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 7, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00602-JSW (KAW)  4